UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-13347RGS

DAVID S. BOLIVER,
    Plaintiff

v.

CHASE MANHATTAN BANK,
    Defendant

### ANSWER AND COUNTERCLAIM OF DEFENDANT, CHASE MANHATTAN BANK TO PLAINTIFF'S COMPLAINT

The defendant Chase Manhattan Bank, whose true and correct name is Chase Bank, USA, N.A., f/k/a Chase Manhattan Bank, USA, N.A. (hereinafter "Chase"), hereby responds to the Plaintiff's Complaint by corresponding numbered paragraphs as follows:

1. Denied.

### JURISDICTION

2. Chase does not dispute jurisdiction or venue before this Court.

### PARTIES

3. Chase is currently without sufficient knowledge or information to enable it to admit or deny the allegations contained in this paragraph and calls upon the plaintiff to prove same at trial.

4. Denied. And further responding, the defendant states that its true and correct name is Chase Bank, USA, N.A. f/k/a Chase Manhattan Bank USA, N.A.

1

## INTRODUCTORY

5. Admitted.

6. Chase is currently without sufficient knowledge or information to enable it to admit or deny the allegations contained in this paragraph and calls upon the plaintiff to prove same at trial.

7. Admitted.

8. Denied.

9. Denied.

### FIRST CLAIM RELIEF –FAIR CREDIT BILING (sic) ACT FCBA VIOLATIONS

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

Chase denies that the plaintiff is entitled to the relief demanded in the unnumbered concluding paragraphs identified as a. through e.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Chase and should, therefore, be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred because the plaintiff by his own conduct has waived any claims he may have against Chase.

### THIRD AFFIRMATIVE DEFENSE

If plaintiff was damaged as alleged, which defendant Chase expressly denies, the alleged damage was caused by acts, omissions, conduct or conditions for which defendant Chase is not legally responsible or liable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were in no way caused by Chase, or by anyone acting with, through, for or under Chase, or by anyone for whose conduct Chase is legally responsible or answerable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any cognizable damages for which Chase is liable or responsible.

### SIXTH AFFIRMATIVE DEFENSE

Chase did not breach the terms of any contract or express agreement with the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Chase did not violate any applicable implied covenant of good faith and fair dealing.

### EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by the doctrines of laches and/or estoppel, and therefore, the plaintiff is not entitled to recover anything against Chase in this action.

## NINTH AFFIRMATIVE DEFENSE

To the extent that it had any obligations to the plaintiff, Chase states that said obligations have been completely, fully and properly performed in every respect and, therefore, the plaintiff is not entitled to recover anything against Chase.

## TENTH AFFIRMATIVE DEFENSE

Chase did not breach any contractual or other duty owing to the plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages and is therefore barred from recovering any damages in this action, or any such damages should be reduced accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

The negligence of the plaintiff was greater than any alleged negligence of Chase and, therefore, the plaintiff is barred from recovery, or any such recovery should be reduced in accordance with applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff may not recover anything against Chase because he has breached and/or defaulted on the terms of his agreement with Chase.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims against Chase are barred by the parole evidence rule.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any and all acts or omissions undertaken, performed, or allegedly attributable to Chase were done so, if at all, pursuant to an express or implied agreement with the

plaintiff, pursuant to a privilege and/or pursuant to applicable laws, ordinances, rules or regulations.

SIXTEENTH AFFIRMATIVE DEFENSE

At no time did Chase engage in unreasonable conduct in its attempts to collect the debt owed by the plaintiff.

SEVENTEENTH AFFIRMATIVE DEFENSE

At no time in its efforts to collect the debt owed by the plaintiff did Chase harass the plaintiff or communicate with the plaintiff in an abusive manner, as defined in 15 U.S.C.S. §1692d(5).

WHEREFORE, Chase demands that judgment enter in its favor and against David S. Boliver on each count of the Complaint, and that Chase be awarded costs and attorneys fees incurred in defending against the plaintiff's claims.

**COUNTERCLAIMS OF DEFENDANT**
**CHASE MANHATTAN BANK, USA, N.A. V. DAVID S. BOLIVER**

**COUNT I.**
**(Breach of Contract)**

1. This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §1367, et seq.

2. The defendant/plaintiff in Counterclaim, Chase Manhattan Bank, whose true and correct name is Chase Bank, USA, N.A. f/k/a Chase Manhattan Bank USA, N.A. (hereinafter "Chase") is a national bank association formed under the laws of the United States with its principal place of business in Newark, Delaware.

3. The plaintiff/defendant in Counterclaim, David S. Boliver (hereinafter "Boliver") is an individual who, upon information and good faith belief, was at all relevant times a resident of the Commonwealth of Massachusetts.

4. In or around June, 2004, Boliver was issued a credit card and a revolving line of credit by Chase, account number 5149227389000258.

5. Pursuant to express contracts between Boliver and Chase, Boliver agreed to certain terms and conditions governing said credit card and revolving line of credit, including but not limited to, Boliver agreeing to make payments against credit extended by Chase, and agreeing to the payment of finance charges and fees imposed on his account.

6. As of July, 2005, Chase has, from time to time, extended credit to Boliver on the Chase credit card account with a balance due amount of approximately $17,000, inclusive of applicable finance charges and fees.

7. Chase has demanded payment from Boliver for monies due on the Chase credit card account, which Boliver has refused to remit.

8. Boliver has breached his contracts with Chase and has failed to pay the amount due and owing on the credit card and revolving line of credit with Chase.

9. Chase has suffered damages as a result of Boliver's breach of contract in the amount of approximately $17,000, plus interest, costs and attorneys fees.

WHEREFORE, Chase demands judgment against Boliver for all sums due and owing to Chase under its credit card agreement and revolving line of credit with Boliver, including interest, costs, and attorney's fees incurred by Chase in defending against the Complaint and in bringing this Counterclaim.

## COUNT II.
### (Quantum Meruit)

10. Chase repeats and realleges paragraphs 1 through 9 of the Counterclaim above and incorporates them herein by reference.

11. Chase has conferred upon Boliver the value of credit, cash equivalents, goods and/or services in the amount of approximately $17,000.

12. Boliver has received the benefit of credit, cash equivalents, goods and/or services in the amount of approximately $17,000 from Chase.

13. Chase has made demand upon Boliver for payment of the value of credit, cash equivalents, goods and/or services conferred upon Boliver, and Boliver has refused and/or failed to make full payment to Chase to date.

14. Boliver has been unjustly enriched as a result of receiving the benefit of credit, cash equivalents, goods and/or services from Chase and by refusing to make payment to Chase for same.

WHEREFORE, Chase demands judgment against Boliver in quantum meruit for the value of credit, cash equivalents, goods and/or services which Boliver has received from Chase, plus interest, costs, and attorney's fees incurred in defending the Complaint and in bringing this Counterclaim.

## PRAYERS FOR RELIEF

WHEREFORE, Chase respectfully requests that this Court enter Judgment as follows:

1. Enter Judgment in favor of Chase against Boliver under Count I of the Counterclaim in the amount of its damages plus interest, costs and attorney's fees.

2. Enter Judgment in favor of Chase against Boliver under Count II of the Counterclaim in the amount of its damages, plus interest, costs, and attorneys fees.

3. Enter such other and further relief as this Court deems just and proper.

CHASE DEMANDS A JURY TRIAL AS TO ALL ISSUES.

CHASE BANK, USA, N.A.,
By its Attorneys,

Darrell Mook (BBO# 546754)
Donovan Hatem, LLP
Two Seaport Lane
Boston, Massachusetts 02210
(617) 406 - 4500

Certificate of Service

I, Darrell Mook, hereby certify that on the 17th day of August, 2005, I caused a copy of the foregoing to be mailed, postage prepaid, to the following counsel of record:

Njoroge Kamau, Esq.
54 Harley Drive, Suite 11
Worcester, MA  01606

Darrell Mook

00937615
17103.24